IN THE UNITED SATES DISTIT COURT

FOR THE EASTERN DISTICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                                              Criminal Case No. 3:19-cr-00063-DJN

Mr. Antwain O'Neal Carter, 36935-083,
          Defendant.

## MOTION FOR SENTENCE REDUCTION

COMES NOW Charles R. Samuels, previously appointed by this Court on March 13, 2024, and having been instructed by this Court to either file a Motion for Sentence reduction or a Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), files this Motion for Sentence Reduction.

### Statement of the Case

The United States indicted Mr. Carter on April 2, 2019, on three counts of distribution of heroin.[1] (EFC No. 1). Negotiations ensued, and Mr. Carter entered into a Plea Agreement (EFC No. 14 and 15). Sentencing eventually occurred on December 16, 2019. (EFC No. 36). The Court sentenced Mr. Carter to concurrently running sentences of 120 months for each of the two convictions. (EFC No. 36). Mr. Carter then filed a Motion pursuant to Amendment 821 for court appointed counsel on November 6, 2023. (EFC No. 51 & 53). The Court issued its Standing Order re Amendment 821 motions. (EFC No. 52). The United States Probation Office then recalculated Mr. Carter's Sentencing Guidelines. (EFC No. 54). This document showed a reduction from 100 to 125 months to 87 to 108 months. (EFC No. 54).[2] This document also

---

[1] 21 USC §§ 846, 841(a)(1), and (b)(1)(C) Conspiracy to Possess with Distribute Heroin.
[2] The undersigned acknowledges that the defendant's original sentence was not below the new reduced guideline range and based on substantial assistance to the government. The original sentence of 120 months was not below the

showed Mr. Carter's eligibility "for Amendment 821 sentencing relief." (EFC No. 55). Mr. Carter's prior attorney was not available to represent Mr. Carter. (EFC No. 56), and the Court appointed the undersigned.

## Argument

Mr. Carter deserves a downward reduction from the 120 months that the Court originally sentenced him. Mr. Carter has shown himself to be a model inmate with only forty-one days of good time being removed due to minimal infractions. (EFC No. 54). Mr. Carter urges this Court to reduce this matter to fifty-five months of active incarceration. He was originally sentenced to 103 months, then received a 48-month reduction. The same reduction should apply here. With the new sentencing guidelines numbers, a five-month reduction from the high end of the revised guidelines is 103 months. Less forty-eight months, Mr. Carter's new sentence should be fifty-five months.

Alternatively, Mr. Carter urges this Court to reduce his sentence from 72 months to 67 months reflecting the same five-month reduction from the high end that this Court previously granted. Modification of a defendant's sentence is still governed by 18 U.S.C. § 3582(c)(1)(A).

The criteria for the Court to approve a reduction per an inmate's request under the new Amendment 821 standards remain the same as previously. *See* 18 USC § 3553. Section 3582(c)(1)(A) allows modification of a defendant's sentence for extraordinary and compelling reasons. Mr. Carter clearly has learned from his past bad decisions which led him to this conviction and incarceration. He has two young teenage children who deserve not only a father in their lives, but also the financial support he can provide based on his efforts to improve his situation while in prison.

---

reduced guideline range. Also, on January 11, 2022, the Court partially granted the United States' Rule 35(b) motion for substantial assistance. This reduced Mr. Carter's sentence by 48 months.

Here, a downward departure from the current sentence is appropriate. The sentence reduction would not prevent his time to serve from being "sufficient, but not greater than necessary" to achieve certain goals. 18 U.S.C. §3553. The reduction in sentence would still "reflect the seriousness of the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. 3553.

## Conclusion

Based on the foregoing argument, the Defendant, through Counsel, respectfully requests that the Court grant this Motion, reduce his sentence as the Court deems appropriate, and any other relief the Court finds appropriate.

Respectfully submitted,
Mr. Antwain O'Neal Carter
By Counsel

_____
Charles R. Samuels, VSB # 65899
Charles R. Samuels, Attorney at Law, PLLC
4908 Monument Ave., Ste.100
Richmond, VA 23230
804-677-7273 (c)
804-843-8523 (f)
crsamuels@gmail.com
*Counsel for Mr. Carter*

## Certificate of Service

I certify that on Thursday, March 28, 2024, I sent a true copy via first class mail to:

Stephen Eugene Anthony, Esq.
United States Attorney's Office (Richmond)
SunTrust Building
919 East Main Street
Suite 1900
Richmond, VA 23219

_____